UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEFFREY MAMROUD

    Plaintiff,

v.

STATE OF NEW JERSEY, *et. al.*,

    DEFENDANTS.

Case No. 25–cv–15184–ESK–MJS

OPINION & ORDER

**THIS MATTER** having come before the Court on defendant Jeffrey Mamroud's notice of removal from New Jersey Superior Court Chancery Division – Family Part in Middlesex County (ECF No. 1 (Removal Notice) p. 11); and the Court finding:

    1.    Plaintiff is the defendant in family court proceedings in New Jersey Superior Court. (*Id.*) He seeks removal based on alleged denial of his rights to familial integrity, equal protection, and a fair tribunal. (*Id.*) The purported grounds for removal are largely comprised of alleged denial of rights, misconduct, bias, collusion, and conflicts of interest that have tainted the state-court proceedings themselves. (*Id.* pp. 11–13.) He alleges violations including denial of due process and deprivation of his role in his child's development, education, religious upbringing, and medical decisions. (*Id.* pp. 14, 15.)

    2.    Plaintiff sought to remove these same state-court proceedings over a year ago under Docket No. 24–07648. (Docket No. 24–07648, ECF No. 1.) I entered a remand order, concluding that I was both without jurisdiction to provide the relief requested—namely an order granting him custody of his child—and that plaintiff sought review of state-court proceedings in violation of the *Rooker-Feldman* doctrine. (Docket No. 24–07648, ECF No. 4 pp. 2, 3.)

    3.    Plaintiff removed again. (Docket No. 24–07648, ECF No. 6.) This time, removal was premised in part on 28 U.S.C. § (Section) 1443 and plaintiff argued that the *Rooker-Feldman* doctrine did not apply because he was not seeking to overturn a state-court order, but rather sought relief from constitutional violations that were not adequately addressed in state court. (*Id.* pp. 4, 8.)

4.  I remanded again.  (Docket No. 24–07648, ECF No. 7.)  I noted that plaintiff had twice failed to include relevant documents such as pleadings in his notices of removal and that—based on the second notice of removal—plaintiff's apparent custody dispute failed to raise a federal question on its face.  (*Id.* p. 3.)  I further recognized that one of the primary differences between plaintiff's first and second notices of removal was his citation to Section 1443.  (*Id.* p. 4.)  Section 1443 could not support removal, I concluded, because plaintiff failed to state that any denial of civil rights was related to race.  (*Id.*)

5.  More than a year has gone by and plaintiff raises substantially similar arguments here that warrant substantially similar responses.  To begin, plaintiff claims to have included the original state-court complaint and material orders (Removal Notice p. 10), but no such documents are included with the his submission.[1]  Section 1446 requires that a "defendant or defendants desiring to remove any civil action from a State court shall file in the district court … a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  As has been explained to plaintiff, "for both removal and original jurisdiction, the federal question must appear on the face of the complaint unaided by the answer, counterclaim or petition for removal.  If it does not appear there, 'no statement in the petition for removal ... can supply that want ....'"  *N.J. Div. of Youth and Fam. Servs. v. Rijova*, Case No. 10–03745, 2010 WL 2990127, at *1 (D.N.J. July 27, 2010) (omissions in original) (quoting *McDonough v. Blue Cross of Ne. Pa.*, 131 F.R.D. 467, 469–70 (W.D. Pa. 1990)).[2]

---

[1] Plaintiff has since filed a letter seeking immediate emergency relief and included with it several pages of emails, transcript requests, and website screenshots. (ECF No. 3.)  These documents are presumably intended to support plaintiff's allegations of state-court misconduct and bias.  I do not, however, find that they meet the requirements of Section 1446.

[2] I do not premise remand on these grounds.  Though plaintiff's repeated failure to include state-court filings renders it difficult to determine whether his third attempt at removal is timely (Removal Notice p. 11), the timeliness of removal is not jurisdictional and there is no remand motion before me.  *See Scearce v. 3M Co.*, Case No. 12–06676, 2013 WL 2156060, at *3 (D.N.J. May 16, 2013).  I nevertheless raise the issue as plaintiff has developed a pattern of repeatedly attempting to remove or challenge state-court proceedings across multiple dockets without regard to procedural rules, jurisdiction, relevant abstention doctrines, or my orders.  With full appreciation of plaintiff's *pro se* status and the sensitive nature of some of the removed proceedings, plaintiff is advised that if these tactics persist the Court will consider issuing a filing injunction.  *See Gupta v. Wipro Ltd.*, 765 F. App'x 648, 651 (3d Cir. 2019) (stating that filing injunctions against *pro se* litigants are to be met with caution and that

6. Second, plaintiff assures me that the *Rooker-Feldman* doctrine does not bar removal because he does not request review of a final judgment and that the domestic-relations exception does not apply because he does not seek a new custody determination. (Removal Notice pp. 15, 16.) Plaintiff does not explain, and I cannot contemplate myself, how the Court is to provide the relief requested, including "[i]ssu[ing] a Writ of Habeas Corpus … releasing [plaintiff's child] from state custody and returning him to [plaintiff]" (*id.* p. 16) without effectively reversing apparent state-court orders.

7. Even accepting plaintiff's argument, he does not explain why *Younger* abstention does not nevertheless apply. Abstention under *Younger* is required when state-court proceedings are judicial in nature and ongoing, important state interests are implicated, and there is an adequate opportunity to present federal claims. *See Gittens v. Kelly*, 790 F. App'x 439, 441 (3d Cir. 2019). Proceedings are ongoing here as evidenced by plaintiff's reference to, and request that I enjoin, an October 16, 2025 hearing. (Removal Notice pp. 15, 16.) Issues relating to child custody implicate difficult questions of state law and bear on related policy most appropriate for state courts. *See Daisey v. N.J. Div. of Child Prot. and Permanency*, Case No. 15–08091, 2016 WL 3512068, at *3 (D.N.J. June 27, 2016).

8. Plaintiff no doubt refutes that he has had an adequate opportunity to present federal claims, but it is his obligation to demonstrate that lack of opportunity and his notice of removal is largely comprised of bald assertions of bias and conflicts of interest that do not directly relate to federal questions. *See Kelly v. Swartz*, Case Nos. 21–03198 & 22–02079, 2023 WL 3018282, at *3 (3d Cir. Apr. 20, 2023) (concluding that the plaintiff's conclusory allegations of bad faith and harassment did not satisfy her burden of demonstrating that attorney-discipline proceedings did not provide her with an adequate opportunity to present federal claims). Courts within this Circuit have consistently held that abstention is warranted for similar ongoing state-court proceedings. *See Ridinger v. Williams*, Case No. 18–01922, 2020 WL 374837, at *1 n. 2 (D. Del. Jan. 23, 2020) (finding that, to the extent that removed state child-support proceedings were ongoing, *Younger* abstention applied); *Bresko v. Bresko*, Case No. 11–05098, 2012 WL 664955, at *4 (D.N.J. Feb. 29, 2012) (concluding that, even absent the domestic-relations exception's jurisdictional bar, *Younger* abstention would have applied to the plaintiff's attempt to remove divorce and familial proceedings).

---

injunctions may be issued upon (1) exigent circumstances such as meritless or repetitive filings, (2) notice to the litigant, and (3) the narrow tailoring of the injunction to meet the circumstances of the case).

9. Finally, and itself fatal to plaintiff's requested relief, is his reliance on Section 1443 to effectuate removal. (Removal Notice pp. 11, 15.) Section 1443 provides that civil actions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" may be removed. 28 U.S.C. § 1443(1). Presumably in direct response to my second remand order, plaintiff argues that "[a]lthough § 1443(1) has most often been applied in racial-equality contexts, its plain text applies to the denial of any federally protected equal rights, including fundamental family integrity and due process." (Removal Notice p. 11.) Plaintiff's contention is based on his own interpretation of the removal statute and is untethered to its actual application within this Circuit. I choose to take guidance from the Third Circuit, which has repeatedly required that the civil rights underlying removal pursuant to Section 1443 relate to matters of racial equality. *See, e.g.*, *Farzan v. Farzan*, 753 F. App'x 120, 121 (3d Cir. 2019) ("§ 1443(1) applies only in the rare case when the defendant seeking removal is being deprived of 'specific civil rights stated in terms of racial equality' and cannot enforce those rights in state court." (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997))); *Santander Bank v. Hosang*, 640 F. App'x 198, 201 (3d Cir. 2016) ("The civil rights at issue must involve matters of racial equality."); *Lott v. Duffy*, 579 F. App'x 87, 90 (3d Cir. 2014) ("[S]ection 1443(1) will support removal only when the civil rights at issue involve matters of racial equality."). Plaintiff makes no claim that the civil rights implicated relate to racial equality and, to the contrary, argues that he need not do so. (Removal Notice p. 11.) This deficiency independently warrants remand.

Accordingly,

**IT IS** on this **26th** day of **September 2025** **ORDERED** that:

1. This action shall be remanded to New Jersey Superior Court Chancery Division – Family Part in Middlesex County.

2. The Clerk of the Court is directed to mark this matter **CLOSED**.

                                                */s/ Edward S. Kiel*
                                                **EDWARD S. KIEL**
                                                **UNITED STATES DISTRICT JUDGE**